**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7196

JOHN A. SCHIFFERLI,

Petitioner - Appellant,

versus

STATE OF SOUTH CAROLINA; HENRY DARGAN
MCMASTER, Attorney General of the State of
South Carolina,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Terry L. Wooten, District Judge.
(CA-03-2933-25-9)

Submitted:  March 2, 2007          Decided:  March 19, 2007

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John A. Schifferli, Appellant Pro Se.   Donald John Zelenka, John
William McIntosh, Assistant Attorneys General, Columbia, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John A. Schifferli appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2254 (2000) petition in which he raised the following claims: (1) ineffective assistance of counsel; (2) his guilty plea was not knowing and voluntary; (3) he was denied due process because he was not given a preliminary hearing; and (4) his arrest was illegal in that he was never given his Miranda[*] warnings. By order, we granted a certificate of appealability as to claims (1) and (2). The Respondent has filed an informal reply brief as to those claims and Schifferli has filed a reply brief.

Although the district court improperly concluded that Schifferli failed to exhaust his state court remedies, his claims nevertheless fail on the merits. When a state court has addressed an issue that is subsequently raised in a § 2254 proceeding, habeas relief is available only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000); see also Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997) (characterizing § 2254(d) as a "highly deferential standard for evaluating

_____

[*]See Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

state-court rulings").  Factual determinations made by a state court are presumed correct, and the petitioner bears the burden of rebutting the presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

To succeed on a claim of ineffective assistance of counsel, Schifferli must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Strickland's first prong measures counsel's performance under prevailing professional norms.  Id. at 688.  In order to satisfy the second prong, that counsel's alleged incompetence prejudiced his case, the petitioner must prove there is a reasonable probability his trial would have had a different outcome absent such errors by counsel.  Id. at 694.  In the guilty plea context, a prisoner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Schifferli claims that his attorney failed to inform him that a confession he made was subject to suppression at trial or of the consequences of pleading guilty--specifically, the "85% rule" that requires that eighty-five percent of a sentence be served before an inmate is eligible for parole.  At the state court hearing on these claims, Schifferli's trial counsel testified that

she fully explained the issues regarding a <u>Jackson v. Denno</u>, 378 U.S. 368 (1964), voluntariness hearing and told Schifferli that she did not believe he would prevail on the issue.  Counsel also testified that she fully informed Schifferli of the consequences of his plea, including the "85% rule."  The state court found counsel's testimony credible and, applying <u>Strickland v. Washington</u>, concluded that counsel's performance was neither deficient nor prejudicial to Schifferli.  We find that the state court's conclusions were neither contrary to, nor an unreasonable application of, federal law.

Schifferli also challenges the voluntariness of his guilty plea.  A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant."  <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations.  <u>See</u> <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970).  A defendant's statements at the guilty plea hearing are presumed to be true.  <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).  Unsupported allegations on appeal are insufficient to overcome representations made during the guilty plea hearing.  <u>See</u> <u>Via v. Superintendent, Powhatan Correctional Ctr.</u>, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent

- 4 -

compelling reason why they should not be, such as ineffective assistance of counsel).

Schifferli maintains that his plea was involuntary because he did not understand the nature of the charges or the consequences of his plea. Schifferli also claims that he was misled into believing that he would be charged with second degree burglary if he pled guilty. The transcript of his guilty plea proceeding belies these claims.

On these facts, we find that the state court's resolution of these issues was not contrary to, or an unreasonable application of, federal constitutional law. Accordingly, we affirm the denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED